UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DONALD & KRISTI GRAVELET-BLONDIN,

    Plaintiffs,

    v.

SGT. JEFF SHELTON, *et al.*,

    Defendants.

Case No. C09-1487RSL

ORDER DENYING MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING QUALIFIED IMMUNITY DEFENSE

This matter comes before the Court on plaintiffs' motion for partial summary judgment dismissing the qualified immunity defense asserted by defendant Sergeant Jeff Shelton with respect to plaintiff Donald Gravelet-Blondin's excessive force claim. The motion does not address his other claims, including claims that the officers arrested him and maliciously prosecuted him without probable cause. Nor does it address Kristi Gravelet-Blondin's claim for outrage.

As an initial matter, the parties dispute the standard by which the Court should evaluate this motion. Defendants contend that the Court should construe the facts in the light most favorable to them as the non-moving parties. Plaintiffs argue that the Court must determine whether the facts alleged, in the light most favorable to the party asserting the injury, show that

ORDER DENYING MOTION FOR
PARTIAL SUMMARY JUDGMENT - 1

the officer's conduct violated a constitutional right. Plaintiffs rely on *Saucier v. Katz*, 533 U.S. 194, 201 (2001) for that proposition, but the Supreme Court in a subsequent case explained that its application may be inappropriate where, as here, the facts of plaintiffs' claim are not yet developed. Pearson v. Callahan, __ U.S. __, 129 S. Ct. 808, 819-20 (2009). Moreover, the Ninth Circuit has explained that when the issue of qualified immunity is raised through a motion for summary judgment, "the reviewing court must assume the nonmoving party's version of the facts to be correct." Schwenk v. Hartford, 204 F.3d 1187, 1193 n.3 (9th Cir. 2000) (citing Liston v. County of Riverside, 120 F.3d 965, 977 (9th Cir. 1997)); Munger v. City of Glasgow Police Dep't, 227 F.3d 1082, 1087 (9th Cir. 2000). Although those decisions pre-date *Saucier*, they have not been overruled on that point. Nor have plaintiffs cited any cases in which courts have granted summary judgment to plaintiffs on a qualified immunity defense while construing the facts in the light most favorable to them. While the application of that standard is warranted when defendants move to establish the defense, as is typically the case, it makes little sense to apply it when plaintiffs move for summary judgment early in the proceedings. Accordingly, the Court will apply a traditional summary judgment standard and evaluate the facts in the light most favorable to the nonmoving parties.

Under that standard, it is clear that plaintiffs are not entitled to summary judgment. It is undisputed that Sergeant Shelton and other officers responded to a residential house where an elderly man was attempting to commit suicide. The officers were told that the man had a firearm and kept it with him "at all times," but they were initially unable to locate the weapon at the scene. Declaration of Sergeant Jeffrey Shelton (Dkt. #16) ("Shelton Decl.") at ¶ 2. The officers ordered the man to step out of his vehicle and show his hands, but he refused to show his hands. Another officer tased the man. While the officers were struggling with him, Mr. Gravelet-Blondin, dressed in a t-shirt, shorts, and slippers, approached to check on his neighbor. The parties' descriptions of what occurred after that point differ. Plaintiff contends that Sergeant Shelton yelled at him to get back, plaintiff "froze" where he was standing, which was

1 | approximately 37 feet away from his neighbor, and Sergeant Shelton ran towards him and tased
2 | him. Declaration of Donald Gravelet-Blondin (Dkt. #12) at ¶¶ 5-7. According to Sergeant
3 | Shelton, plaintiff refused multiple commands to stop, continued to approach the scene, and came
4 | within fifteen feet of the man being subdued. Shelton Decl. at ¶¶ 9-14. At that point, Sergeant
5 | Shelton tased him. Viewing the facts in the light most favorable to defendants, the Court will
6 | not conclude that Sergeant Shelton's qualified immunity defense fails as a matter of law.

For all of the foregoing reasons, the Court DENIES plaintiffs' motion for partial summary judgment. (Dkt. #10).

DATED this 8th day of March, 2010.

*[signature]*
Robert S. Lasnik
United States District Judge

ORDER DENYING MOTION FOR
PARTIAL SUMMARY JUDGMENT - 3